UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE M. GARNER, CHRISTOPHER
GARNER, AND WILLIAM KAUPUS,

    Plaintiffs,                           Case No. 16-10760
v.                                         Hon. Victoria A. Roberts

CITY OF ROSEVILLE, GLENN SEXTON,
RODNEY BROWNING,

    Defendants.

and

CORDIA MICHIGAN, LLC, RUDALEV I,
LLC, and GARNER PROPERTIES &
MANAGEMENT, LLC

    Plaintiffs,                            Case No. 16-10986
v.                                         Hon. Victoria A. Roberts

CITY OF ROSEVILLE, GLENN SEXTON,
RODNEY BROWNING,

    Defendants.
_____/

## ORDER: (1) CONSOLIDATING CASES; (2) CERTIFYING SETTLEMENT CLASS; (3) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AGREEMENT; AND (4) SETTING DATES

This matter coming before the Court on the parties' Joint Motion for Preliminary Approval of Class Action Settlement and Notice to the Class" (the "Joint Motion"), after review and consideration of the Settlement Agreement, and after

hearing statements of the parties' attorneys in open court on August 7, 2017, and having been fully advised in the premises, **IT IS HEREBY ORDERED** as follows:

1.  U.S. District Court, Eastern District of Michigan case nos. 16-cv-10760 and 16-cv-10986 are **CONSOLIDATED** for purpose of settlement. All future Court filings shall be filed into case no. 16-cv-10760.

2.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement attached to the Joint Motion, is hereby preliminarily approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement).

3.  Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, by stipulation of the parties, and for the purpose of settlement, the Court hereby certifies the following Class and Sub-Class, also collectively referred to as "Settlement Class":

> <u>Class</u>: All persons and entities who currently own or at one time owned any non-owner occupied residential structures located within the City of Roseville who or which has been issued a misdemeanor ticket for failure to obtain a Certificate of Compliance under the City's Non-Owner-Occupied Housing Ordinance, and subsequently paid a fine at any time since January 1, 2010 through December 15, 2016.
>
> <u>Sub-Class</u>: All persons and entities who were not owners of non-owner

occupied residential structures located within the City of Roseville, yet were issued a misdemeanor ticket for failure to obtain a Certificate of Compliance under the City's Non-Owner-Occupied Housing Ordinance from January 1, 2010 through December 15, 2016.

Excluded from the Settlement Class are Defendants, including any and all of their departments, subsidiaries, affiliates or controlled persons of Defendants, as well as the officers, directors, agents, servants, and employees of Defendants and the immediate family members of such persons. Class Counsel is also excluded from the Class.

4. The Court finds that certification for purposes of settlement is appropriate because: (a) the class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the Class and they predominate over any questions affecting only individual Class Members; (c) Plaintiffs' claims are typical of the claims of the Class; (d) Plaintiffs and their attorneys will fairly and adequately protect the interests of the Class; and (e) a class action is the superior means of resolving this controversy.

5. The Court appoints Plaintiffs, Lawrence M. Garner, Christopher Garner, William Kaupus, Cordia Michigan, LLC, Rudalev I, LLC and Garner Properties & Management, LLC as the representatives of the Settlement Class pursuant to Rule 23(a), and appoints their attorneys Aaron D. Cox and Mark K. Wasvary as Class Counsel pursuant to Rule 23(g).

6. The Court finds that the Settlement Agreement's plan for Class Notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23(e)(1) of the Federal Rules of Civil Procedure. That plan is approved and adopted. This Court further finds that, except for one omission, the Class Notice (attached to the Settlement Agreement as Exhibit 2), and the Claim Form included as part of the Class Notice, comply with Rules 23(e)(1) and 23(c)(2)(B) of the Federal Rules of Civil Procedure. Class Counsel must add language to the Class Notice to comply with Rule 23(c)(2)(B)(iv) (providing that "a class member may enter an appearance through an attorney if the member so desires"). With the inclusion of that language, the Class Notice and Claim Form are approved and adopted. The Court orders that the parties provide the notice to the Class as proposed, with the one addition above.

7. By this Order, the Court hereby orders that the Class Notice shall be sent by either postcard or first class mailing for Class Members where Defendants have that information. The Claims Administrator will cause an abbreviated version of the Notice to be placed in a weekend edition of the Macomb Daily. The Settlement Agreement, Class Notice and Claim Form shall also be made available on the Class Counsel's website. The Court finds and orders that no other notice is necessary.

8. Class Counsel is authorized to request and receive docket records from the 39th District Court for the State of Michigan to verify claims of the Settlement Class.

9. The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Class Notice:

(a) Plaintiffs must file an Amended Complaint with more specific allegations as to Christopher Garner on or before **August 17, 2017**;

(b) The Class Notice must be mailed by **August 22, 2017**;

(c) Class Members must submit a Proof of Claim to the Claims Administrator within 90 days after the Class Notice is sent;

(d) Objections and motions to intervene, along with related memoranda of law, shall be filed in this Court and postmarked and served on Class Counsel and Defendants' counsel on or before **November 6, 2017**, or be forever barred;

(e) Requests by any Class Member to opt out of the settlement must be mailed to Class Counsel on or before **November 6, 2017**, or be forever barred;

(f) Class Counsel must file a motion for final approval of class

action settlement on or before **November 20, 2017**. That motion must address any objections that were filed, and it must set forth: (1) the total number of Members who responded in the Class and Sub-Class; (2) the total number of claims made under the Class and Sub-Class; and (3) the percentage of the fine recovered by Class/Sub-Class Members based on the pro-rated formula (e.g., if a Class Member paid a $100 fine, and his or her pro-rated share of the settlement fund is $75, he or she recovered 75% of the fine they paid). Sub-Class Members are entitled to make a claim for $350 for each misdemeanor ticket in addition to a pro-rata share of fines paid;

(g) Class Counsel must file a motion for attorney fees and expenses pursuant to Rule 23(h) on or before **November 20, 2017**;

(h) Defendants shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than **August 21, 2017**; and

(i) The Fairness Hearing, set forth in the Class Notice, is hereby scheduled for **January 16, 2018**, at **9:00 a.m.** in Room 226.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 8, 2017